NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED
NOV 3 - 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-179-DLB

WILLIAM K. SWEENEY            PLAINTIFF

VS:        **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, Warden           RESPONDENT

William K. Sweeney, who is confined in the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Suzanne Hastings, the warden of USP-Big Sandy.

## CLAIMS

The petitioner alleges that the duration of a sanction which a Disciplinary Hearing Officer ("DHO") imposed against him violated his due process rights, under the Fifth Amendment of the United States Constitution.

On October 21, 2004, a DHO at USP-Big Sandy found the petitioner guilty of Possession of Narcotics, a Code 113 violation under 28 C.F.R. 541.13 (*See Id.*, Table, "Greatest Category"). The petitioner complains that although the DHO suspended his visitation privileges for a term of eighteen (18) months, the express terms of §541.13 authorized the suspension of privileges for a term of only six (6) months. He argues that to the extent his visitation privileges have been improperly suspended for an additional twelve (12) months over the amount authorized in the regulation, his right to due process of law under the Fifth Amendment has been violated.

## RELIEF REQUESTED

The petitioner seeks the reinstatement of revoked visitation privileges in excess of six months.

## DISCUSSION
### 1. Proper Forum

Claims which challenge the execution of sentence, such as issues concerning the computation of parole or sentence credits, are properly raised under §2241 in the district where the petitioner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). As the petitioner is currently incarcerated in the

2

Eastern District of Kentucky, the petitioner has filed his petition in the proper court.

## 2. Exhaustion of Remedies

Petitioners seeking relief under §2241 are required to exhaust judicially created administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *Colton v. Ashcroft*, 299 F. Supp.2d 681, 689 (E. D. Ky. 2004).

The Bureau of Prisons ("BOP") has created administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition, which are set forth in 28 C.F.R. §§542.10-.16 (1987). According to 28 C.F.R. §542.14(d)(2), DHO appeals are to be submitted initially to the Regional Director for the region where the inmate is currently located. *See* 28 C.F.R. §542.15.[1] The petitioner filed a BP-10 with the BOP's Mid-Atlantic Regional Office. That office denied the BP-10 on February 15, 2005. The petitioner filed a BP-11 with the BOP's Central Office. That office denied the BP-11 on May 17, 2005. The petitioner has administratively exhausted his claim.[2]

## 3. Dismissal on the Merits

---

[1]

28 C.F.R. §542.15(a) provides as follows:

"An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. . . . When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in §542.14(b) of this part.

[2]

In his administrative appeals, the petitioner alleged that the DHO relied on insufficient evidence in finding him guilty of the charged offense. The BOP determined that the petitioner's challenge on that issue had no merit, and found that there was more than some credible evidence upon which to base the finding of guilt. The petitioner did not challenge the sufficiency of the evidence in the instant petition, only the length of the suspension of his visiting privileges.

3

The petitioner argues that 28 C.F.R. §541.13 specifically prohibits the imposition of a sanction for longer than six months. The petitioner has either misread or misinterpreted the applicable provisions of that regulation. According to 28 C.F.R. §541.13(a)(1):

> The DHO may impose and execute sanction F and/or G only in addition to execution of one or more of sanctions A through E. Except as noted in the sanction, the DHO may also suspend one or more additional sanctions A through G.

28 C.F.R. §541.13 (a)(1).

The regulation then goes on to state, in relevant part, as follows: "Suspensions of any sanction cannot exceed six months." 28 C.F.R. §541.13(c). Subsection (c) of 28 C.F.R. §541.13 limits to six months only the amount of time the DHO can *suspend a sanction*. It does not limit the *duration* of the sanction to six months, as the petitioner contends. As the petitioner cites no other authority which would support his argument, his petition claim lacks merit and will therefore be dismissed with prejudice, as frivolous. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner William K. Sweeney's petition for writ of habeas corpus is **DENIED**. This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 3rd day of November, 2005.

Signed By:
David L. Bunning
United States District Judge

4